IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-649-PRW |
| | ) | |
| CINDY H. TRUONG, et al., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Magistrate Judge Chris M. Stephens's Report and Recommendation (Dkt. 8). Plaintiff filed this § 1983 action, asserting violations of his Eighth, Fourteenth, Fourth, and Sixth Amendment rights, as well as a claim for a violation of his access to the courts, all stemming from his underlying state criminal proceedings.[1] He names Oklahoma County District Court Judge Cindy Truong, Oklahoma County District Attorney Vicki Behenna, Oklahoma County Assistant District Attorney Mykel Fry, Oklahoma County Assistant Public Defender Emily Grossnicklaus, and the Oklahoma Department of Corrections as Defendants. This matter was referred to Judge Stephens for review pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

After screening Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1951A(a), Judge Stephens issued a Report and Recommendation (Dkt. 8), recommending that Plaintiff's claims against Judge Truong, Vicki Behenna, Mykel Fry,

---

[1] Compl. (Dkt. 1); *see State v. Bryant*, Case No. CF-2023-3591, Oklahoma County District Court.

1

Emily Grossnicklaus, and the Oklahoma County Detention Center be dismissed with prejudice, and, to the extent that Plaintiff is asserting a claim for a violation of his access to the courts, it be dismissed without prejudice for failure to state a claim. Plaintiff timely filed an Objection to the Report and Recommendation (Dkt. 9).[2] As such, the Court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to."[3] An objection is "proper" if it is both timely and specific.[4]

Plaintiff's Objection makes no reference to Judge Stephens's analysis. Instead, Plaintiff reiterates and expounds upon the factual basis underlying his claims against Judge Truong and Emily Grossnicklaus.[5] As such, the Court liberally construes Plaintiff's Objection as an objection to Judge Stephens's analyses regarding Judge Truong and Emily Grossnicklaus.[6] Plaintiff asserts claims against Judge Truong for her refusal to permit Plaintiff to fire his counsel and for enforcing his bail in his state criminal proceeding.[7] But as explained by Judge Stephens, Judge Truong is entitled to absolute immunity for acts taken in her judicial capacity, even if the alleged acts were taken "in error, w[ere] done

---

[2] Any objections were due on January 9, 2025. Plaintiff's Objection is post-marked January 7, 2025, making it timely under the prison mailbox rule. *See* Envelope (Dkt. 9-1); *Lockaby v. Young*, 42 F. App'x 313, 318 (10th Cir. 2002) ("[T]he 'prisoner mailbox rule' provides that an inmate's pleadings are deemed filed as of the date on which they are deposited into the appropriate prison mailing system.").

[3] Fed. R. Civ. P. 72(b)(3).

[4] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[5] *Compare* Compl. (Dkt. 1), at 5–6, 9–10, *with* Pl.'s Obj. (Dkt. 9), at 1–3.

[6] Because Plaintiff is proceeding *pro se*, the Court liberally construes his filings without acting as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *See* Pl.'s Compl. (Dkt. 1), at 5, 10; Pl.'s Obj. (Dkt. 9), at 1–2.

2

maliciously, or w[ere] in excess of [her] authority."[8] Because Judge Truong's refusal to permit Plaintiff to fire his counsel and enforcing Plaintiff's bail were acts taken within her judicial capacity, she is entitled to absolute immunity from suit.[9] As such, the Court concurs with Judge Stephens conclusion that Plaintiff's claims against Judge Truong should be dismissed with prejudice.[10]

The remainder of Plaintiff's Objection focuses on his claims against Emily Grossnicklaus, Plaintiff's public defender for his underlying state criminal proceedings. Judge Stephens concluded that Plaintiff's claims against Grossnicklaus must be dismissed because Grossnicklaus is not considered a state actor for purposes of § 1983 as all of Plaintiff's claims against her arise from acts taken within her role as Plaintiff's criminal defense attorney.[11] Plaintiff does not dispute this conclusion. He does, however, include additional allegations regarding Grossnicklaus in his Objection.[12] New factual allegations raised in an Objection are not determinative of whether Plaintiff has stated a claim in his

---

[8] *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *see* R. & R. (Dkt. 8), at 5–6

[9] *See Stump*, 435 U.S. at 362; *see also Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010) ("Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983." (citing *Roth v. King,* 449 F.3d 1272, 1286–87 (D.C. Cir. 2006))).

[10] *Gabriel v. El Paso Combined Cts.*, 842 F. App'x 231, 235 (10th Cir. 2021) (stating that "dismissal with prejudice is appropriate when the defendants are immune from suit and further amendment of the plaintiff's complaint would be futile.").

[11] R. & R. (Dkt. 8), at 7–9; *see Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

[12] *See* Pl.'s Obj. (Dkt. 9), at 1–2.

Complaint.[13] And even considering these additional allegations, Plaintiff's claims against Grossnicklaus solely stem from her "traditional functions as counsel to a defendant in a criminal proceeding."[14] As such, she was not acting under color of state law and cannot be sued under § 1983.[15] The Court agrees with Judge Stephens's conclusion that Plaintiff's claims against Grossnicklaus must be dismissed with prejudice because she is not a state actor for purposes of § 1983.[16]

Having reviewed the objected to portions of the Report and Recommendation *de novo*, the Court agrees with the reasoning and conclusions therein. Thus, the Court **ADOPTS** the Report and Recommendation (Dkt. 8) in its entirety. Plaintiff's claims against Judge Truong, Vicki Behenna, Mykel Fry, Emily Grossnicklaus, and the Oklahoma County Detention Center are **DISMISSED WITH PREJUDICE**. Plaintiff's claim for a violation of access to the courts is **DISMISSED WITHOUT PREJUDICE**.

"[A] pro se plaintiff should be given an opportunity to amend his complaint unless the district court finds amendment would be futile or that one of the other recognized

---

[13] *Scott v. Hormel*, No. CIV-18-395-SLP, 2019 WL 3935101, at *1 n.2 (W.D. Okla. Aug. 20, 2019) ("To the extent Plaintiff includes new factual allegations in his Objection, the new allegations are not determinative of whether Plaintiff adequately stated claims in his Complaint."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

[14] *Polk Cnty.*, 454 U.S. at 325.

[15] *Id.*

[16] *Armajo v. Wyo. Pub. Def.*, No. 23-8041, 2024 WL 470547, at *3 (10th Cir. Feb. 7, 2024) (affirming dismissal of § 1983 claims against state defense attorneys with prejudice).

justifications for denying leave to amend applies."[17] Here, Plaintiff's claims against Judge Truong, Vicki Behenna, Mykel Fry, Emily Grossnicklaus, and the Oklahoma County Detention Center are dismissed with prejudice, so leave to amend would be futile. But Plaintiff's claim for a violation of his access to the courts is dismissed without prejudice, and the Court cannot say that amendment of this claim would be futile. As such, the Court gives Plaintiff leave to file an amended complaint. Any amended complaint shall be filed on or before July 6, 2025. If Plaintiff fails to timely file an amended complaint, the Court may dismiss this action without further notice.

**IT IS SO ORDERED** this 4th day of June 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[17] *Gray v. Geo Grp., Inc.*, 727 F. App'x 940, 949 (10th Cir. 2018); *see Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).